UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYROSH BROWN,

    Plaintiff,                Civil Action No. 2:09-12975
v.                                HONORABLE BERNARD A. FRIEDMAN
                                  UNITED STATES DISTRICT JUDGE

THE STATE OF MICHIGAN
MICHIGAN DEPARTMENT
OF CORRECTIONS, et. al.,

    Defendants,
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is presently before the court on plaintiff's application to proceed *in forma pauperis* and his civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is currently on parole with the Michigan Department of Corrections.

For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

### I. Standard of Review

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security

1

therefor." In the present case, plaintiff's application to proceed *in forma pauperis* makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995). A *pro se* civil rights complaint is to be construed liberally. *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994).

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997). Moreover, although plaintiff has now been paroled, the PLRA's screening provisions apply to non-prisoners as well as to prisoners. *McGore,* 114

2

F. 3d at 608.

## II. Complaint

Plaintiff claims that he was exposed to second-hand tobacco smoke while incarcerated in prison as a result of the defendants' negligence in failing to adequately enforce the prohibition against smoking inside of the prisons.[1] Plaintiff claims that when prisoners were caught smoking, they were only given minor [misconduct] tickets, as opposed to major tickets. Plaintiff claims that nothing was done about the smoking inside of the prisons. Plaintiff seeks monetary damages in the amount of $ 10,000,00.00 from the State of Michigan.

## III. Discussion

Plaintiff's complaint must be dismissed against the State of Michigan, because a state is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). Plaintiff's claim against the State of Michigan is also barred by the Eleventh Amendment to the U.S. Constitution. *See Scott v. Michigan,* 173 F. Supp. 2d 708, 710 (E.D. Mich. 2001). The complaint must also be dismissed against the Michigan Department of Corrections, because it, too, is not a "person" subject to suit under 42 U.S.C. § 1983, and thus, the Eleventh Amendment would bar plaintiff's civil rights action

---

[1] Plaintiff does not indicate the offenses that he was incarcerated in prison for. However, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that plaintiff was sentenced to prison in the Kent County Circuit Court in 2004 for two counts of resisting and opposing a police officer and being a fourth felony habitual offender.

against the Michigan Department of Corrections for monetary damages for the alleged exposure to second-hand tobacco smoke. *Rodgers v. Michigan Dept. of Corrections,* 29 Fed. Appx. 259, 260 (6th Cir. 2002); *See also Davis v. Michigan Dept. of Corrections,* 746 F. Supp. 662, 666 (E.D. Mich. 1990). [2]

Plaintiff's complaint is also subject to dismissal because he alleges mere negligence on the part of the defendants.  In order for a prisoner to establish that prison officials violated his Eighth Amendment rights by exposing him to environmental tobacco smoke (ETS), the prisoner will be required to show, as an objective element, that he is being exposed to unreasonably high levels of ETS, and as subjective element, that officials have shown deliberate indifference to his exposure. *See Helling v. McKinney*, 509 U.S. 25, 35-36 (1993).  However, an Eighth Amendment claim of deliberate indifference must be supported by more than mere negligence. *See Harrison v. Ash,* 539 F.3d 510, 522 (6th Cir. 2008).

In the present case, plaintiff alleges that the defendants were negligent in how they enforced their no-smoking policies.  Plaintiff himself acknowledges that prisoners who were caught smoking inside of the prisons received minor misconduct tickets.  The Michigan Department of Corrections (M.D.O.C.) prohibits smoking inside of all occupied buildings, including prisoner housing units, and subjects violators of that policy to disciplinary action. *See* M.D.O.C.

---

[2] Plaintiff does not request injunctive relief in his complaint.  Moreover, any request for injunctive relief for any exposure to second-hand smoke has been mooted by plaintiff's release from prison. *See Scott v. District of Columbia,* 139 F. 3d 940, 941 (C.A.D.C. 1998).

4

Policy Directive 01.03.140.  The imperfect enforcement of a no-smoking policy by prison officials establishes at most, negligence, rather than deliberate indifference. *Wilson v. Hofbauer,* 113 Fed. Appx. 651, 653 (6th Cir. 2004); *Taylor v. Boot*, 58 Fed.Appx. 125, 127 (6th Cir. 2003)(both citing *Scott v. District of Columbia*, 139 F.3d 940, 944 (D.C. Cir.1998)).  As such, plaintiff is not entitled to relief on his claim.

### V.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** for being frivolous or for failing to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).  Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                S/Bernard A. Friedman_____
                                **HON. BERNARD A. FRIEDMAN**
                                **UNITED STATES DISTRICT JUDGE**

DATED:  August 26, 2009